J-S41031-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
FRANTZ BER GOODRIDGE :
:
Appellant : No. 1090 EDA 2025

Appeal from the PCRA Order Entered April 8, 2025
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002591-2021

BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED DECEMBER 23, 2025**

Frantz Ber Goodridge appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Upon review, we vacate and remand.

Although largely irrelevant to disposition of the present appeal, we note that Goodridge was sentenced to six and one-half to twenty-eight years' imprisonment for two counts each of corruption of minors, selling or furnishing liquor to minors, aggravated indecent assault of a person less than sixteen years old, indecent assault of a person less than sixteen years old, and unlawful contact with a minor.[1] ***See Commonwealth v. Goodridge***, 2024

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6301(a)(1)(i), 6310.1(a), 3125(a)(8), 3126(a)(8), and 6318(a)(1), respectively.

WL 4132550, *1 (Pa. Super., filed Sept. 10, 2024) (unpublished memorandum) (17 EDA 2024). Said convictions stemmed from a June 18, 2021 incident in which Goodridge, *inter alia*, furnished vodka to two then-fourteen year olds and proceeded to kiss them, inappropriately touch them, and digitally penetrate one victim's anus and the other victim's vagina. **See** **id**. at *1-2. We affirmed his judgment of sentence on appeal.

Several weeks after our affirmance, Goodridge, on October 24, 2024, filed a PCRA petition *pro se*. Therein, he, *inter alia*, asserted that he "was not given a fair trial based on the fact [he] lacked the proper representation, leading to ineffective counsel." First PCRA Petition, 10/24/24, at ¶ 1. He further contended that his counsel "failed to explain the functions of a trial and how they [*sic*] are executed," **id.** at ¶ 2, and, as best can be discerned, counsel also neglected to properly challenge the victims' testimony on cross-examination. **See id**. ¶¶ 6-9. To assist Goodridge, PCRA counsel was thereafter appointed on November 20, 2024.

In lieu of filing an amended PCRA petition, PCRA counsel, on February 14, 2025, filed, *inter alia*, a motion to withdraw as counsel and a **Turner**/**Finley**[2] no-merit letter, which ultimately concluded that Goodridge's PCRA petition lacked merit. **See** Motion to Withdraw as Counsel/No-Merit Letter, 2/24/25.

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On March 3, 2025, Goodridge filed a second PCRA petition *pro se*.[3] Although this second petition still argued ineffective assistance of trial counsel, it was through a distinct lens. Therein, Goodridge asserted that there was impropriety surrounding at least two of the jurors who were empaneled in his jury trial, which counsel neglected to strike for cause. **See** Second PCRA Petition, 3/3/25.

On March 4, 2025, the court granted PCRA counsel's motion to withdraw as counsel. In that same order, the court demonstrated its intent to dismiss Goodridge's first PCRA petition, giving him thirty days to file an objection to this notice to dismiss. Goodridge filed an objection on March 17, 2025, which asserted claims contained wholly within his second PCRA petition.

On March 20, 2025, the court dismissed Goodridge's *second* PCRA petition, predicated on the fact that his first PCRA petition was still pending before the court. On March 21, 2025, the court dismissed Goodridge's first PCRA petition, but that order addressed claims germane to his second PCRA petition. **See, e.g.**, Order, 3/21/25 at ¶ 9 (stating that Goodridge filed an objection arguing that two jurors should not have been empaneled for his trial). On April 3, 2025, despite there being no outstanding directive to do so, Goodridge filed yet another objection to the notice of the court's intention to dismiss. Then, on April 7, 2025, the court dismissed, seemingly for a second

---

[3] In filing this document, Goodridge did not seek leave of court pursuant to Pennsylvania Rule of Criminal Procedure 905.

time, Goodridge's first PCRA petition. *See* Order, 4/7/25 (referring to the court's earlier order and notice of intent to dismiss dated March 4, 2025).

On April 15, 2025, Goodridge filed a notice of appeal, but did not designate which PCRA petition or order he was appealing from. Goodridge then, on April 30, 2025, filed a concise statement of errors complained of on appeal, which highlighted claims originally argued in his second PCRA petition. On May 22, 2025, the court indicated that its April 7, 2025 order, in fact, dismissed Goodridge's second PCRA petition.

On appeal, Goodridge presents two issues for our review:

1.  Should the PCRA petition have been granted based on ineffective assistance of counsel?

2.  Did the trial court give him a fair trial?

*See Pro Se* Appellant's Brief at ix (unpaginated).[4]

Preliminarily, "[i]n reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

We begin by expressing our displeasure in the lack of clarity contained in the orders issued by the PCRA court, rendering it hard, if not impossible, to discern between those addressing Goodridge's first PCRA petition and his

---

[4] Given the substance of his appellate claims, it appears that the questions presented focus on the dismissal of his second PCRA petition.

second. We emphasize that "PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time unless the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final." **Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*). Therefore, to the extent that the court believed it was prohibited from considering the contents of Goodridge's second PCRA petition *solely* because his first PCRA petition was also outstanding before it, such a belief is belied by our current jurisprudence.

Nevertheless, the court, when it tersely discussed the juror-based allegations contained in Goodridge's second PCRA petition, clearly considered those latter claims despite having already indicated dismissal of the same. Although the record is less than a model of clarity, under **Commonwealth v. Brown**, 141 A.3d 491, 504 (Pa. Super. 2016), the court, at some level, accepted Goodridge's subsequent filing and considered the merits of its contents. However, distinct from **Brown**, which involved the appellant seeking "to supplement the record for claims that had been properly pled in the amended PCRA petition[,]" 141 A.3d at 504 n.12, Goodridge's second PCRA petition is not a supplement and attempts to raise distinct claims not contemplated in his first. Regardless, applying **Montgomery**, there was nothing preventing the court from simply disposing of both petitions, either

concurrently or at separate junctures, assuming neither were thereafter taken on appeal.

The court also created further ambiguity insofar as the order from which Goodridge has seemingly[5] appealed, dated April 7, 2025, is specific to his first PCRA petition, while the court's later statement issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) misstates the nature of that earlier order and refers to it as having dismissed his second, even though the second had already technically been dismissed on March 20, 2025.

Although, on balance, it appears that Goodridge's second PCRA petition, and claims stemming therefrom, is the thrust of the present appeal, the nature of the record below does not allow for us to irrefutably conclude one way or another *what has precisely been appealed*. As such, in the interest of clarity and because of the breakdown in the court's operations associated with originally dismissing his second PCRA petition on jurisdictional grounds (but then, confusingly, providing some level of substantive review as to the claims contained therein), we must remand this matter for the court to cleanly address and dispose of the contents of both Goodridge's first and second PCRA petitions, guided by the precepts espoused in **Montgomery** and its progeny.

To clarify further, in this instance, we must remand because Goodridge's

---

[5] As stated *supra*, Goodridge did not specify which specific order he was appealing from in his notice of appeal.

non-specific notice of appeal makes it unclear which order is on appeal, and the record before us does not fully reflect which petitions were dismissed and which claims were rejected by the PCRA court's dismissal order. To the extent that we were to venture into substantive review, the PCRA court's Rule 1925(a) "Statement" fails to direct us to any formal analysis with respect to the claims Goodridge wishes us to review on appeal. The PCRA court needs to issue a new order addressing all of the claims raised in Goodridge's two post-conviction petitions, and any subsequent notice of appeal from Goodridge should identify by the date any subsequent dismissal order that he wishes to appeal.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/23/2025